# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SHANNON KELLY,<br>5995 Hampstead Dr. W<br>Columbus, OH 43229 | : | Case No.: |
| | : | **COMPLAINT** |
| Plaintiff, | : | **Jury Demand Endorsed Hereon.** |
| vs. | : | |
| EQUIFAX INFORMATON SERVICES, LLC,<br>a Georgia limited liability company<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215 | : | |
| and | : | |
| SPEEDWAY, LLC,<br>a foreign limited liability company<br>c/o CT Corporation System<br>4400 Easton Commons Way, Ste. 125<br>Columbus, OH 43219 | : | |
| Defendants. | : | |

**NOW COMES THE PLAINTIFF, SHANNON KELLY, BY AND THROUGH COUNSEL**,

**RICHARD P. GABELMAN**, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

1

## VENUE

3. Venue is proper in the Southern District of Ohio as the Defendants conduct business in Franklin County, Ohio.

## PARTIES

4. Shannon Kelly is an individual residing in Columbus, Ohio in Franklin County.

5. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Ohio.

6. Speedway, LLC ("Speedway") is a foreign limited liability company that conducts business in the State of Ohio.

## GENERAL ALLEGATIONS

7. Speedway is inaccurately reporting its tradeline ("Errant Tradeline") on Plaintiff's Equifax credit disclosure with an erroneous monthly payment of $13.

8. The account reflected by the Errant Tradeline is paid and closed. Plaintiff no longer has an obligation to make monthly payments. The Errant Tradeline should be reported with a monthly payment of $0.

9. On July 18, 2018, Plaintiff obtained her Equifax credit disclosure and noticed the Errant Tradeline inaccurately reporting with an erroneous monthly payment.

10. On or about November 30, 2018, Plaintiff submitted a letter to Equifax, disputing the Errant Tradeline.

11. In her dispute letter, Plaintiff explained that the account reflected by the Errant Tradeline is paid and closed. Thus, Plaintiff no longer has an obligation to make monthly payments. She asked Equifax to report the Errant Tradeline with a monthly payment of $0.

12. Equifax forwarded Plaintiff's consumer dispute to Speedway. Speedway received Plaintiff's consumer dispute from Equifax.

13. Plaintiff had not received Equifax's investigation results. Therefore, on January 28 2018, Plaintiff obtained her Equifax disclosure. The disclosure showed that Equifax and Speedway failed or refused to report the Errant Tradeline with a monthly payment of $0.

14. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SPEEDWAY

15. Plaintiff realleges the above paragraphs as if recited verbatim.

16. After being informed by Equifax of Plaintiff's consumer dispute of the monthly payment, Speedway negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

17. Speedway negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b). Specifically, it failed to direct Equifax to report the Errant Tradeline with a monthly payment of $0.

18. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

19. As a direct and proximate cause of Speedway's negligent failure to perform its duties under the

FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

20. Speedway is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

21. Plaintiff has a private right of action to assert claims against Speedway arising under 15 U.S.C. § 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Speedway for damages, costs, interest and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SPEEDWAY

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Speedway willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

24. Speedway willfully failed to review all relevant information available to it and provided by Equifax as required by 15 U.S.C. § 1681s-2(b).

25. As a direct and proximate cause of Speedway's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

26. Speedway is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact,

as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Speedway for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

29. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

30. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

31. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

32. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

33. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

### COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

36. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

37. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

38. After receiving Plaintiff's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

39. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

40. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendants for Actual Damages; Statutory Damages; Damages for pecuniary, economic and emotional damages and loss; Attorney's Fees and the costs of this action.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Dated: May 2, 2019                         Respectfully submitted,

*/s/Richard P. Gabelman*
Richard P. Gabelman, Esq. (#0074642)
6701 Montgomery Road
Cincinnati, Ohio 45213
Email: gabelmanrich@hotmail.com
*Attorney for Plaintiff*